## REID *v.* TORRENCE.

1. Error in excluding from evidence certain affidavits which were attached, on the defendant's requirement, to interrogatories sued out by the plaintiff, and which stated matters relevant to the issue, did not require a new trial, where, though not in the same language, they were not substantially different from the testimony of the witnesses in answer to the interrogatories.

2. An instruction that if the defendant, before the alleged contract between him and the plaintiff, had traded the land in question to the plaintiff's husband, who held it under bond for title, the right would not exist in the defendant to sell it to anybody else, unless the husband consented and surrendered the bond for title, was not inapplicable to the case as presented by the pleadings and the evidence.

3. The verdict was authorized by the evidence.

No. 4122. SEPTEMBER 20, 1924.

Claim. Before Judge Irwin. Paulding superior court. September 21, 1923.

*H. B. Moss,* for plaintiff in error.

*C. B. McGarity,* contra.

ATKINSON, J. A fi. fa. in favor of W. F. Torrence against A. J. Reid was levied on lot 47 in the 19th district and 2d section of Paulding County, as the property of the defendant in fi. fa. Mrs. Maggie Reid, the wife of the defendant, interposed a statutory claim. She instituted a separate suit against W. F. Torrence, seeking for injunctive relief and for specific performance of a parol contract to convey the lot number 47 to plaintiff, in consideration of support and services rendered in nursing and maintaining Torrence, who was ill and not expected to live. At the trial term the two cases were by consent consolidated and tried as one. A verdict was returned in favor of Torrence. Mrs. Reid filed a motion for a new trial, which was overruled, and she excepted. In the brief of the attorney for the plaintiff in error it is stated that certain claims were made in the equity suit for more land than lot number 47, and for certain money, and that all such claims were abandoned, and no claim is insisted upon except as to lot number 47. Torrence had sold that lot to. A. J. Reid, the husband of Mrs. Reid, prior to the alleged contract; and the fi. fa. was issued upon a judgment obtained for the amount of two of the purchase-money notes.

1. The plaintiff sued out the interrogatories of three non-resident witnesses. The defendant filed cross-interrogatories, in the course of which he required each witness to attach to his answer an affidavit which he had made to be used at the interlocutory hearing for injunction. The witnesses produced the affidavits, and they were attached by the commissioner to the answers. On the trial the plaintiff's attorney proposed to introduce the affidavits. They were excluded on objection interposed by the attorney for the defendant, and the plaintiff excepted. The affidavits stated facts that were relevant to the issues; and the defendant having required them to be produced, the plaintiff's attorney had the right to read them to the jury. The affidavits were not in the same language as the testimony of the witnesses given in response to the interrogatories which were read by the plaintiff's attorney to the jury, but there was no such substantial difference

between them as would render rejection of the affidavits cause for a reversal.

2. The eighth paragraph of the petition alleged that prior to the alleged contract lot number 47 had been sold to plaintiff's husband, who had given his notes therefor and received a bond for title; and it was alleged in an amendment to the petition that an action for damages against the defendant for breach of the contract would not afford adequate relief. The answer admitted the charge of a sale to the plaintiff's husband. The judge charged: "I charge you the defendant would not have a right to trade this land to her, if it appears that it had been traded to her husband and he held it under bond for title, unless her husband surrendered and gave up his contract. The defendant would not have a right to sell it. The right to sell the land would not exist in him unless the husband expressly agreed and surrendered his bond for title. He would not have a right to sell it to anybody else without his consent." This charge was not erroneous on the ground that it did not state a correct principle of law applicable to the case as presented by the pleadings and the evidence.

3. The verdict for the defendant was authorized by the evidence, and the discretion of the judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*